liKNOLL, Judge.

MOTION TO DISMISS

The plaintiff-appellee, Robert Gary Mercer, seeks to dismiss the defendant’s appeal as untimely. We agree and hereby dismiss.
On August 9, 1995, judgment was signed and notice mailed granting Jessica Carmichael Mercer permanently alimony in the sum of Three Hundred Twenty Four and 00/100 Dollars ($324.00) per month. Robert Mercer filed a petition for appeal pertaining to the permanent alimony judgment on August 28, 1995. Notice of Appeal was mailed on August 29, 1995. Jessica Carmichael Mercer also filed a petition for appeal pertaining to the permanent alimony on September 25, 1995. The record was lodged with this court on September 19, 1995. On December 11, 1995, Robert Gary Mercer filed a motion to dismiss the defendant’s appeal.
RLa.Code Civ.P. art. 3942 provides as follows:
Art. 3942. Appeal from judgment granting or refusing annulment or divorce
A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(l)-(3).
B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.
La.Code Civ.P. art 3943 provides as follows:
Art. 3943. Appeal from judgment awarding custody, visitation, or support
An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.
La.Code Civ.P. art. 2087(A) and (B) provide as follows:
Art. 2087. Delay for taking devolutive appeal
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
*937 In the present case judgment was signed on August 9, 1995, and Notice of the Signing of the Judgment was mailed on that date. Jessica Carmichael Mercer’s Motion for Appeal was not filed until September 25, 1995 beyond the thirty days allowed by La.Code Civ.P. art. 3943, and beyond the period of time provided in La.Code Civ.P. Art. 2087(B). For these reasons defendant/appellant’s appeal is hereby dismissed at Jessica Carmichael Mercer’s costs.

APPEAL DISMISSED.